# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN CRAWFORD,

   Plaintiff,       :   Case No. 3:08-cv-233

                 District Judge Thomas M. Rose
  -vs-             Chief Magistrate Judge Michael R. Merz

                 :

JEFFREY E. FROELICH, et al.,

   Defendants.

## REPORT AND RECOMMENDATIONS; ORDER TO THE CLERK

   This action is before the Court for review prior to issuance of process.

   Plaintiff is a prisoner within the meaning of 28 U.S.C. §1915A(c). In his Unsworn Declaration of indigency, he avers that he is not a prisoner, citing *Connecticut Natl. Bank v. Germain*, 503 U.S. 249 (1992). That decision has to do with appeals in bankruptcy proceedings and has nothing to do with interpreting the term "prisoner" in the Prison Litigation Reform Act. The statute defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." The Complaint admits that Plaintiff is confined in the Ohio Department of Rehabilitation and Corrections Chillicothe Correctional Facility. In the body of the Complaint, Plaintiff complains of his conviction. Thus he is a "prisoner" and a separate order to collect the full filing fee will be entered.

   §1915A was added to the Judicial Code by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") and provides in pertinent part:

> (a) Screening -- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for Dismissal -- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint --
> (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

The PLRA also amends 28 U.S.C. §1915(e)(2) to read as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal --
> (I) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A district court must screen prisoner complaints under both §1915A and §1915(e)(2). *McGore v. Wrigglesworth,* 114 F.3d 601 (6th Cir., 1997); *In re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997)(Administrative Order 97-01 of Chief Judge Martin).  The PLRA is constitutional. *Hampton v. Hobbs*, 106 F.3d 1281 (6th Cir. 1997).

A complaint is frivolous under 28 U.S.C. §1915 if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez,* 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); the language of §1915A suggests strongly that Congress intended to carry the same meaning over to the new Act. The Court "is not bound, as it usually is when making a determination based solely on the pleadings, to accept

2

without question the truth of the plaintiff's allegations." *Denton*, 118 L. Ed. 2d at 349.

The test for dismissal for failure to state a claim is also well established:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957); *Neitzke v. Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Hishon v. King & Spalding*, 467 U.S. 69, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984); *Nishiyama v. Dickson Cty.*, 814 F.2d 277 (6th Cir. 1987)(en banc);  *Collins v. Nagle*, 892 F.2d 489 (6th Cir. 1989).

The body of the Complaint alleges that Plaintiff was indicted in the Montgomery County Common Pleas Court in Case No. 2007 CR 1555 and convicted on two counts of felonious assault. He claims that Defendant Froelich as Judge, Defendant Schierloh as prosecutor, and Defendant Daly as defense counsel

> tried, convicted, and sentenced Crawford to crimes that in fact was [sic] never legally charged.  Defendants acts personally in pro forma and by fraud and deception to convince Crawford that he was legally and lawfully charged with crimes.  As there is no record, in the court of record, that a charge was filed in the Montgomery County Court of Common Pleas and a matter of law or fact cannot be raised or heard in the appellate courts of Ohio, Crawford, by the actions in pro forma of the Defendants, has been stripped of all his civil constitutional rights, as no substantive law was invoked in this matter.

(Complaint, Doc. No. 1, at 4.)  As relief, Plaintiff seeks compensatory and punitive damages.  *Id*. at 6.

An examination of the docket of the Montgomery County Common Pleas Court in Case No,. 2007 CR 1555 shows plainly that Plaintiff was indicted on one count of aggravated robbery and two counts of felonious assault; the Indictment was filed on April 27, 2007.  The two counts of conviction allege Plaintiff did serious physical harm to Roscoe Harris and that the physical harm was

carried out by means of a deadly weapon, a knife.  Thus the Indictment does charge a violation of the substantive law of Ohio, to wit, Ohio Revised Code § 2903.11(A)(1) and (A)(2).  The docket shows the case was tried to a jury which on July 19, 2007, returned a not guilty verdict on the charge of aggravated robbery and guilty verdicts on the felonious assault counts.  The docket further shows that new counsel was appointed to Plaintiff for appeal.  According to the same set of public records, an appeal is currently pending before the Montgomery County Court of Appeals in its Case No. CA 022314.

Thus to the extent the Court understands Plaintiff's Complaint, it is completely contradicted by the public record: Plaintiff was indicted and convicted for violations of Ohio law and the conviction stands as of the date of this Report.  Based on those facts, the Complaint should be dismissed for failure to state a claim upon which relief can be granted.

Furthermore, Defendants Froelich and Schierloh are immune from damages liability for any actions taken by them with respect to this criminal prosecution.  *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967), and *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978);  *Imbler v. Pachtman*, 424 U.S. 409, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976); *Burns v. Reed*,  500 U.S. 478,  111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

It is accordingly respectfully recommended that the Complaint be dismissed with prejudice. The Clerk is ordered not to issue process until further order of this Court.

July 3, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).