# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

STEVEN CRAWFORD,

        Plaintiff,               :         Case No. 3:08-cv-233

                                       District Judge Thomas M. Rose

    -vs-                               Chief Magistrate Judge Michael R. Merz

                          :

JEFFREY E. FROELICH, et al.,

        Defendants.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELIEF FROM JUDGMENT

---

This case is before the Court on Plaintiff's Motion for Relief from the Final Order of the Court pursuant to Fed. R. Civ. P. 60(b)(6) (Doc. No. 8). This is a post-judgment motion deemed referred to the Magistrate Judge under 28 U, S.C. § 636(b)(3) and thus requires a report and recommendations.

In the referenced Entry and Order, District Judge Rose overruled Plaintiff's objections to the Magistrate Judge's conclusion that Plaintiff was a prisoner and therefore required under the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") to pay the full filing fee. Judge Rose also overruled Plaintiff's objections to the Magistrate Judge's conclusion that the Complaint should be dismissed with prejudice.

In the instant Motion, Plaintiff asserts that this Court has no evidence from a court of record to determine factually that he is a "prisoner" within the meaning of 28 U.S.C. § 1915(h). However, the PLRA does not contemplate that a federal court will have such evidence when it makes a determination under the PLRA. Such determinations are to be made, according to the Act,

1

immediately upon filing of an action, when there would typically be no evidence of any sort.

In this case, of course, evidence is not necessary, since the gravamen of Plaintiff's Complaint is that he has been wrongfully convicted and imprisoned. Plaintiff lists the Chillicothe Correctional Institution as his "place of current confinement." (Complaint, Doc. No. 2, at 3.) In the body of the Complaint, he alleges he was indicted, tried, convicted, and sentenced. *Id*. at 4. Averments in a complaint are taken as true statements of fact until or unless they are controverted and here they count as admissions by the party who is now denying that they are sufficient to warrant a finding that he is a prisoner. A litigant cannot have it both ways – being a prisoner who asserts his imprisonment is unlawful and seeks damages for it but also claiming not to be a prisoner for purposes of avoiding payment of the filing fee.

Plaintiff next argues that somehow the PLRA does not apply because he filed this case under 42 U.S.C. § 1985 rather than § 1983. Neither the Complaint nor this Court's Order for the full filing fee makes any mention of suit being brought under either of those sections, nor does the PLRA distinguish between them for purposes of requiring a full filing fee.

Plaintiff next argues that he was never lawfully accused of any crime and thus his conviction is a nullity. Unfortunately for him, the Warden of the Chillicothe Correctional Institution has not accepted his argument and is unlikely to do so until a court of competent jurisdiction overturns the conviction on that basis.

Finally, Plaintiff says that he will not accept any evidence that he is a prisoner except evidence from a court of record and this Court cannot compel a court of record to produce it. Plaintiff is wrong again. If it were necessary to obtain a certified copy of his judgment of conviction and commitment papers, not only could this Court do so, but any citizen could make a demand for such documents under the Ohio Public Records Act. But no such proof is necessary. Whether such proof is acceptable to Plaintiff or not, his own allegations in the Complaint establish that he is a

prisoner within the meaning of the PLRA.

The Motion for Relief from judgment should be denied.

September 4, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).